UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRINGE BENEFIT GROUP, INC., and<br>FRINGE INSURANCE BENEFITS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>FCE BENEFIT ADMINISTRATORS, INC.<br>and CHRIS PORTER<br><br>Defendants. | §§§§§§§§§§§§§ | CIVIL ACTION FILE NO.<br>1:18-cv-00369<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS FCE BENEFIT ADMINISTRATORS, INC. AND CHRIS PORTER'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS**

Defendants FCE Benefit Administrators, Inc. ("FCE") and Chris Porter ("Porter") (collectively "Defendants") file this Response to Plaintiffs' Fringe Benefit Group, Inc. ("FBG") and Fringe Insurance Benefits, Inc.'s (collectively, "Plaintiffs") Motion to Dismiss and would respectfully show the Court as follows:

### I.   INTRODUCTION

Plaintiffs' Motion to Dismiss should be denied. As Plaintiffs have acknowledged, this Court has previously ruled that Chapter 27 of the Texas Civil Practice and Remedies Code, the Texas Citizens Participation Action (the "TCPA"), does not apply in federal court.[1] As explained more fully below, the Court held that the TCPA is procedural and therefore not applicable in federal courts. Plaintiffs' Motion to Dismiss should be denied without prejudice to refiling, if the

---

[1] *See* Doc. #18 at 2.

Fifth Circuit rules that the TCPA is applicable in federal courts, and at that time, Defendants can respond substantively to Plaintiffs' allegations in the Motion to Dismiss.[2]

## II. BACKGROUND

The present litigation arose when Plaintiffs filed suit against Defendants for allegedly making false and deceptive communications concerning an ERISA class action suit brought against Plaintiffs. Defendants answered Plaintiffs' Complaint and brought counterclaims for defamation and business disparagement for Plaintiffs' statements on its website that Defendants engage in unscrupulous business practices and deceptive marketing practices. Plaintiffs then moved to dismiss Defendants' counterclaims on the grounds that the statements are protected by the TCPA.

## III. ARGUMENT AND AUTHORITIES

### A. The TCPA Is Procedural and Not Applicable in Federal Courts

Chapter 27 of the Texas Civil Practice and Remedies Code establishes a procedure for the early dismissal of a legal action based on a party's exercise of its constitutional rights to free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE Sec. 27.003. Chapter 27 is indisputably procedural and not substantive. Chapter 27 sets the deadline to file a motion to dismiss, the evidentiary standards underlying the motion and the response, the deadline for the court to hear the motion to dismiss, the deadline for the court to rule on the motion to

---

[2] In prior cases, the Fifth Circuit has assumed but not decided that the TCPA applies in federal court. *See Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015); *Cuba v. Pylant*, 814 F.3d 701, 706 (5th Cir. 2016). Additionally, some federal district courts in Texas have decided that the TCPA applies in federal courts. *Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 1156852, at *1 (E.D. Tex. 2016); *Williams v. Cordillera Commc'ns, Inc.*, 2014 WL 2611746, at *6 (S.D. Tex 2014). Other federal courts in Texas have decided, like this Court, that the TCPA does not apply in federal courts. *Thoroughbred Ventures, LLC v. Disman*, No. 4:18-CV-00318, 2018 WL 3472717 (E.D. Tex. Jul. 19, 2018); *Mathiew v. Subsea 7 (US) LLC*, No. 4:17-CV-3140; 2018 U.S. Dist. LEXIS 50647 (S.D. Tex. Mar. 9, 2018).

dismiss, and finally a party's right to expedited appeal. TEX. CIV. PRAC. & REM. CODE Sec. 27.003 – 27.008. The Texas Supreme Court has held that the TCPA provides for a *special procedure* for expedited dismissal of certain suits. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (emphasis added). Though not dispositive, the Texas Supreme Court clearly considers the TCPA procedural and not substantive.

United States Magistrate Judge Austin recognized the procedural nature of the TCPA and followed Judge Graves' well-reasoned dissent in *Cuba v. Pylant*, 814 F.3d 701 (5th Cir. 2016) in recommending denial of a motion to dismiss pursuant to the TCPA. *See Rudkin v. Roger Beasley Imports, Inc.*, No. 1:17-cv-00849, 2017 WL 6622561 (W.D. Tex. Dec. 28, 2017). This Court subsequently approved and accepted that recommendation. *See Rudkin v. Roger Beasley Imports, Inc.*, No. 1:17-cv-00849, 2018 WL 2122896 (W.D. Tex. Jan. 31, 2018).

Federal courts exercising diversity jurisdiction apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). But federal courts applying state common law must still apply federal procedural rules. *Hanna v. Plumer*, 380 U.S. 460, 468 (1965). An *Erie* analysis requires a multi-step inquiry that first requires the court to determine if the statute is procedural or substantive. *Cuba*, 814 F.3d at 719 (Graves, J. dissenting). Judge Graves further relied upon *Erie* to note that state procedural statues cannot be applied in federal courts. *Id., citing Erie*, 304 U.S. at 78. Federal courts must apply state common law but before doing so, courts must determine whether state common law conflicts with federal procedure. *Id., citing All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011). If there is a conflict between state common law and federal procedure, federal procedure applies. *Id., citing All Plaintiffs*, 645 F.3d at 333.

Judge Graves continued that if the state rule does not conflict with federal procedural rules then an *Erie* analysis must be conducted. *Id.* After making his *Erie* analysis, Judge Graves

3

concluded that the "TCPA is procedural and must be ignored." *Id.* Judge Graves noted that the TCPA created "no substantive rule of Texas law," but is a procedural mechanism for the quick dismissal of lawsuits that infringe on certain constitutional protections. *Id. citing Abbas v. Foreign Policy Grp., LLC*, 738 F.3d 1328, 1333 (D.C. Cir. 2015).

Judge Graves' analysis and conclusion that the TCPA is procedural was followed by Magistrate Judge Austin in his report and recommendation in *Rudkin*, which was in turn adopted by this Court in *Rudkin*. Under the same rationale, Plaintiffs' Motion to Dismiss should be denied.

  **B.**  **Even Assuming the TCPA Is Substantive, It Conflicts with Federal Law and Should Not Be Applied**

Even assuming (without admitting) that the TCPA is substantive, it still must not be applied in federal courts as it conflicts with the Federal Rules of Civil Procedure. Judge Graves' analysis in his dissent in *Cuba* is instructive on this point as well. Judge Graves noted that the TCPA "directly conflicts" with the Federal Rules of Civil Procedure, as it requires a party responding to a TCPA motion to dismiss to provide "clear and specific evidence" for each element of its prima facie case. *Cuba*, 814 F.3d at 719. The Texas Supreme Court has stated that this burden requires evidence that is "unambiguous, sure, or free from doubt," "explicit or relating to a particular named thing," and that "support[s] a rational inference that the allegation is true." *In re Lipsky*, 460 S.W.3d at 590. Chapter 27 of the Texas Civil Practice and Remedies states that this burden may be met by the pleadings, affidavits, or limited discovery. TEX. CIV. PRAC. & REM. CODE Sec. 27.006. The Texas Supreme Court has said the evidentiary standard falls between the pleading standard and the evidence necessary to prevail at trial. *In re Lipsky*, 460 S.W.3d at 591.

As Judge Graves noted, the TCPA evidentiary standard conflicts with Rule 12(b)(6), which only requires that a plaintiff plead facts sufficient to state a claim that is plausible on its face. *Cuba*, 814 F.3d at 719, *citing Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184

4

(5th Cir. 2009). The TCPA's requirement that the plaintiff bring forth evidence that is "unambiguous, sure, or free from doubt" is clearly more burdensome that Rule 12. Judge Graves also noted that the TCPA conflicts with Rule 56's summary judgment requirements. *Id.* Rule 56 requires a summary judgment movant to demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The TCPA instead requires the moving party to show that the plaintiff's claim is based upon the defendant's exercise of rights protected by the TCPA. TEX. CIV. PRAC. & REM. CODE Sec. 27.005(b). If a movant meets its burden, the burden then shifts to the plaintiff to show by "clear and specific evidence a prima facie case for each essential element of its claim." *Id.*

Because the TCPA conflicts with Rules 12 and 56 of the Federal Rules of Civil Procedure, it should not apply in federal courts even if it were substantive.

## IV.   CONCLUSION

Plaintiffs' Motion to Dismiss should be denied. As this Court has previously ruled, the TCPA is procedural and does not apply in federal courts. Additionally, even if the TCPA were substantive, its evidentiary requirements are contrary to the Federal Rules of Civil Procedure and the TCPA therefore does not apply in federal courts for that reason, as well.

Defendants respectfully request that should the Fifth Circuit rule in *Rudkin* that the TCPA is applicable in federal courts, Defendants be allowed to respond fully to the substantive claims of Plaintiffs' Motion to Dismiss at that time.

Respectfully submitted,

Dated:  September 7, 2018          By:   /s/ *Thomas W. Sankey*
                                         Thomas W. Sankey, P.C.
                                         E-mail: twsankey@duanemorris.com
                                         State Bar No. 17635670

Diana M. Sangalli
E-mail: dmsangalli@duanemorris.com
State Bar No. 24033926
Cameron J. Asby
E-mail: cjasby@duanemorris.com
State Bar No. 24078160
Gilbert A. Greene
State Bar No. 24045976
E-mail: BGreene@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056-3166
Tel.:  713.402.3900
Fax:  713.402.3901

**ATTORNEYS FOR DEFENDANTS FCE BENEFIT ADMINISTRATORS, INC. AND CHRIS PORTER**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record via ECF and electronic mail on this the 7th day of September, 2018.

/s/ Thomas W. Sankey
Thomas W. Sankey
