UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRINGE BENEFIT GROUP, INC., and FRINGE INSURANCE BENEFITS, INC. | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:18-cv-00369-LY |
| FCE BENEFIT ADMINISTRATORS, INC. and CHRIS PORTER | § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
TO MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO CHAPTER 27 OF
THE TEXAS CIVIL PRACTICE AND REMEDIES CODE**

TO THE HONORABLE DISTRICT COURT JUDGE LEE YEAKEL:

Plaintiffs Fringe Benefit Group, Inc. ("FBG") and Fringe Insurance Benefits, Inc. ("FIBI") (collectively "Plaintiffs") file this Reply to Defendants' Response to Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (the Texas Citizens Participation Act or "TCPA"), and respectfully show this Court the following:

**I.
SUMMARY**

Defendants' "response" is really a motion to stay that creates a Catch-22 for Plaintiffs. Defendants request that *if* the Fifth Circuit holds in *Rudkin* that the TCPA applies in federal courts, then Defendants be allowed to respond fully to the merits of Plaintiffs' motion to dismiss *at that time*. Defendants' response therefore seeks to accomplish two things. First, it seeks to deprive Plaintiffs of their right to a swift disposition of Defendants' counterclaims pursuant to the TCPA.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION TO DISMISS**
1

Second, it seeks to require Plaintiffs to incur more unnecessary time and money defending the counterclaims. Neither request is appropriate. Plaintiffs therefore ask this Court to grant the motion to dismiss because the TCPA applies and Defendants have entirely failed to satisfy their evidentiary burden under the TCPA. Alternatively, Plaintiffs ask the Court to stay Defendants' counterclaims and Plaintiffs' motion until the Fifth Circuit rules in *Rudkin v. Roger Beasley Imports, Inc.*, No. A-17-cv-849-LY, 2018 U.S. Dist. LEXIS 122104 (W.D. Tex. Jan. 31, 2018).

## II.
### ARGUMENTS AND AUTHORITIES

A. ***The TCPA's timetable and Defendants' failure to substantively respond to the motion to dismiss***.

The TCPA requires the Court to conduct a hearing no later than 60 days after service of the motion to dismiss, unless docket conditions require a later hearing, upon a showing of good cause, or by agreement of the parties, but "in no event shall the hearing occur more than 90 days after service of the motion." TEX. CIV. PRAC. & REM. CODE § 27.004(a). Pursuant to this timetable, Plaintiffs request a hearing on their motion on or before October 23, 2018, which is the 60th day after Plaintiffs filed their motion to dismiss.

The Fifth Circuit may hold in *Rudkin* that the TCPA's timelines are not procedural and therefore applicable. Despite this real possibility and despite other federal courts in Texas finding the TCPA applicable in federal court, Defendants elected to not substantively respond to Plaintiffs' motion to dismiss. Instead, Defendants request that *if* the Fifth Circuit rules in *Rudkin* that the TCPA applies in federal courts, then Defendants be allowed at that time to respond fully to the merits of Plaintiffs' motion to dismiss. But a ruling in *Rudkin* could be months (or longer) from now, and certainly longer than the TCPA's mandatory 60 or 90-day deadline. As such,

Defendants' request is effectively an inappropriate request for a stay that deprives Plaintiffs the opportunity for a summary disposition afforded by the TCPA.

Defendants' failure to substantively respond to Plaintiffs' motion means Defendants have not satisfied their evidentiary burden to produce "clear and specific" evidence on each element of their counterclaims. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). In fact, Defendants do not even *attempt* to satisfy their burden. Thus, Plaintiffs' TCPA motion should be granted in its entirety. Indeed, Defendants are not relieved of their obligation to substantively respond to Plaintiffs' motion to dismiss merely because they are hedging on the outcome in *Rudkin*. But they have elected to take that risk. As such, if the Fifth Circuit holds that the TCPA applies in federal court, Defendants have abandoned their opportunity to substantively respond to Plaintiffs' motion, and Plaintiffs' motion must be granted.

### B.  *Alternatively, the Court should stay Defendants' counterclaims.*

In the alternative, if the Court believes that the motion to dismiss should be stayed pending a decision in *Rudkin*, then Plaintiffs ask the Court to stay Defendants' counterclaims.[1] Otherwise, Plaintiffs will be required to spend time and money defending against Defendants' counterclaims, perhaps unnecessarily depending on the decision in *Rudkin*. Plaintiffs certainly recognize that the Fifth Circuit may affirm this Court's decision in *Rudkin*, but if the Fifth Circuit reverses the

---

[1] If the Court is inclined to stay the motion and counterclaims, Defendants have still abandoned their right to substantively respond to the motion to dismiss. Indeed, that opportunity has come and gone, both under the TCPA and the Court's Local Rules. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c); W.D. TEX. L.R. CV-7(e) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion."). Defendants have taken the calculated risk of not substantively responding to the motion to dismiss, and they must now live with that decision however the Fifth Circuit rules in *Rudkin*.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION TO DISMISS**
3

decision, then Plaintiffs should enjoy the full benefit of the TCPA in defending against the counterclaim.  A stay of the counterclaim preserves that right.

### III.
### PRAYER

Plaintiffs Fringe Benefit Group, Inc. and Fringe Insurance Benefits, Inc. respectfully request that the counterclaims be dismissed with prejudice and that the Court set the motion for hearing no later than October 23, 2018, or, in the alternative, that the Court stay Defendants' counterclaim and the motion to dismiss pending the Fifth Circuit's decision in *Rudkin*.

DATED:  September 14, 2018.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: */s/ Matt Dow*
Matt Dow
*mdow@jw.com*
State Bar No. 00790988
Joshua A. Romero
*jromero@jw.com*
State Bar No. 24046754
100 Congress, Suite 1100
Austin, Texas  78701
[Tel.] (512) 236-2035
[Fax] (512) 391-2131

**HOLIFIELD   JANICH   RACHAL   FERRERA, PLLC**

By: */s/  Tess Ferrera*
Tess J. Ferrera (*Pro Hac Vice*)
*tferrera@holifieldlaw.com*
D.C. Bar No. 435469
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
[Tel.] 202-440-3809
[Fax] 865566-0119

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document was served on the attorney of record by delivering a true and correct copy through the Court's CM/ECF system per Local Rule CV-5(a)(1) on this the 14th day of September, 2018, as follows:

Thomas W. Sankey, P.C.
twsankey@duanemorris.com
Diana M. Sangalli
dmsangalli@duanemorris.com
Cameron J. Asby
cjasby@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056-3166

Gilbert A. Greene
bgreene@duanemorris.com
DUANE MORRIS LLP
7500 Rialto Boulevard, Suite 230
Austin, TX 78735

                                                                */s/ Matt Dow*
                                                                Matt Dow